# EXHIBIT A

**Click here to Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**05/22/2023**

**Corporation Served**

Document ID - 23-SMCC-5444; Served To - CITY OF KANSAS CITY, MISSOURI; Server - ; Served Date - 16-MAY-23; Served Time - 14:45:00; Service Type - Special Process Server; Reason Description - Served; Service Text - DELIVERED SUMMONS TO ALAN HOLTFEAMP ATTORNEY

**Notice of Service**

Proof of Service; Electronic Filing Certificate of Service.
  **Filed By:** RAYMOND EUGENE SALVA
  **On Behalf Of:** THOMAS MELTON

**05/15/2023**

**Summons Issued-Circuit**

Document ID: 23-SMCC-5444, for CITY OF KANSAS CITY, MISSOURI.

**Order - Special Process Server**

Order Special Process Server

**Note to Clerk eFiling**
  **Filed By:** RAYMOND EUGENE SALVA

**Motion Special Process Server**

Motion for Approval and Appointment of Private Process Server; Electronic Filing Certificate of Service.
  **Filed By:** RAYMOND EUGENE SALVA
  **On Behalf Of:** THOMAS MELTON

**05/10/2023**

**Correspondence Sent**

2023 pps

**05/09/2023**

**Alias Summons Requested**

Instruction for Alias Summons; Electronic Filing Certificate of Service.
  **Filed By:** RAYMOND EUGENE SALVA

**04/03/2023**

**Notice of Court Hearing Sent**

**Case Mgmt Conf Scheduled**
  **Scheduled For:** 06/27/2023; 1:00 PM; CHARLES H MCKENZIE; Jackson - Kansas City

**03/31/2023**

**Order to Transfer**

Order reassigning case to Division 13

**Judge Assigned**

**03/29/2023**

**Hearing/Trial Cancelled**
  **Associated Entries:** 12/14/2022 - Case Mgmt Conf Scheduled
  **Scheduled For:** 04/04/2023; 9:00 AM; CORY LEE ATKINS; Jackson - Independence

**Order to Transfer**

Transfer to Presiding Judge for Reassignment.

**Motion Granted/Sustained**
  **Associated Entries:** 12/14/2022 - Motion to Transfer

**12/15/2022**

**Summons Issued-Circuit**

Document ID: 22-SMCC-11425, for CITY OF KANSAS CITY, MISSOURI.

**Order - Special Process Server**

**12/14/2022**

**Motion to Transfer**

    **Filed By:** RAYMOND EUGENE SALVA
    **On Behalf Of:** THOMAS MELTON
    **Associated Entries: 03/29/2023 - Motion Granted/Sustained**

**Note to Clerk eFiling**
    **Filed By:** RAYMOND EUGENE SALVA

**Motion Special Process Server**

Motion for Approval and Appointment of Private Process Server; Electronic Filing Certificate of Service.
    **Filed By:** RAYMOND EUGENE SALVA
    **On Behalf Of:** THOMAS MELTON

**Case Mgmt Conf Scheduled**

    **Associated Entries: 03/29/2023 - Hearing/Trial Cancelled**
    **Scheduled For:** 04/04/2023; 9:00 AM; CORY LEE ATKINS; Jackson - Independence

**12/13/2022**

**Filing Info Sheet eFiling**
    **Filed By:** RAYMOND EUGENE SALVA

**Pet Filed in Circuit Ct**

Petition; Exhibit A.
    **Filed By:** RAYMOND EUGENE SALVA
    **On Behalf Of:** THOMAS MELTON

**Judge Assigned**

Electronically Filed - Jackson - Independence - December 13, 2022 - 02:03 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| THOMAS MELTON, individually and on behalf of others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>THE CITY OF KANSAS CITY, MISSOURI,<br>            Defendant. | Case No.<br><br>Div. |

**COLLECTIVE ACTION PETITION**

COMES NOW Plaintiff, Tom Melton, by and through his attorneys undersigned, and on behalf of himself and others similarly situated as set forth herein, brings the following Collective Action Petition against Defendant, the City of Kansas City, Missouri (hereinafter "City"), pursuant to Missouri Wage and Hour laws, RSMo. §§ 290.500 *et seq*. Plaintiff states and alleges as follows:

1.      Defendant City employs firefighters to provide fire suppression, rescue, hazardous material, and emergency medical services. At relevant times, certain firefighters pursued and completed elective certifications which entitled them to a higher, "specialty" rates of pay. The City required these firefighters to work in excess of the work schedule set forth in the *Collective Bargaining Agreement Between City of Kansas City, Missouri and International Association of Fighters, Local 42 2021-2024* (hereinafter the "CBA") without paying wages at one and one-half times the regular rate at which those firefighters were employed.

**JURISDICTION AND VENUE**

2.      Missouri Wage and Hour laws and the FLSA authorize court actions by employees to recover damages for violations of wage and hour provisions. This Court has jurisdiction over

the unpaid overtime compensation claims brought by the Plaintiff and those similarly situated, as expressly provided in § 290.527, RSMo.

3.  Venue in this Court is appropriate pursuant to § 508.010, RSMo., in that the Plaintiff was first injured due to the unlawful acts of the City in Kansas City, Jackson County, Missouri.

## PARTIES

4.  Plaintiff Thomas Melton works as a firefighter for the City. The terms and conditions of his employment, including compensation, are determined by the CBA.

5.  The Plaintiff brings Count I of this lawsuit as a collective action under Missouri Wage and Hour law and the FLSA on behalf of himself and all other similarly situated firefighters to redress the City's willful failure and refusal to pay overtime wages to which the Plaintiff and others similarly situated are entitled.

6.  The Plaintiff and others similarly situated (collectively "Plaintiffs" or the "Collective Class") consent to become plaintiffs in this action as evidenced by "Consent to Sue" documents. A sample of said document is attached to this Collective Action Petition as Exhibit A.

7.  Plaintiffs are "employees" as defined by RSMo. § 290.500(3).

8.  The City is a municipal corporation organized under the laws of the State of Missouri with its principal office located at 414 East 12th Street, Kansas City, Missouri 64106 and it can be served with process through its Mayor.

9.  The City is an "employer" as defined by RSMo. § 290.500(4).

## GENERAL ALLEGATIONS

10.    The Plaintiffs are employed by the City and that employment relationship is governed by the CBA, which sets forth among other things, provisions concerning wages and overtime.

11.    As to overtime, the CBA provides in relevant part:

Employees assigned to a forty-hour workweek shall be paid overtime at the rate of time-and one half for all hours actually worked in excess of forty (40) hours in a single workweek.

CBA at p. 33.

12.    The CBA further provides an incentive program for employees obtaining various certifications related to fire suppression. Under the program, certified firefighters are guaranteed additional pay of three to ten percent (3-10%) above what his/her salary would otherwise be, to wit:

A.  Certification Pay:

1      Members who have an associate degree, in a field reasonably related to the Fire Service, as reasonably determined by Fire Management, shall receive incentive pay of $25.00 per pay period.

2      Members who have a bachelor's degree, or above, in a field reasonably related to the Fire Service, as reasonably determined by Fire Management, shall receive incentive pay of $50.00 per pay period.

3      Members who have a master's degree, in a field reasonably related to the Fire Service, as reasonably determined by Fire Management, shall receive incentive pay of $65.00 per pay period.

4      Members who have a doctoral degree, in a field reasonably related to the Fire Service, as reasonably determined by Fire Management, shall receive incentive pay of $75.00 per pay period.

5      Members who have successfully completed a language proficiency assessment of a foreign language or American Sign Language with a minimum passing score of seventy percent (70%) shall receive incentive pay of $50.00 per

pay period. The assessment utilized, or any changes to that assessment, shall be agreed upon through the Labor Management process.

B. Special Duty, Assignment and Certification Pay:

1. Any member of the Hazardous Materials Team who achieves and maintains the operational level of training and certification shall receive additional pay of three percent (3%) above what his/her salary would otherwise be.

2. Any member of the Hazardous Materials Team who achieves and maintains the technical level of training and certification shall receive additional pay of five percent (5%) above what his/her salary would otherwise be. In addition, the HAZMAT Training Officer will receive additional pay of ten percent (10%) above what his/her salary would otherwise be.

3. Any member assigned to the ARFF Division, including certified eligible personnel on Pumper 16, who achieves and maintains the required ARFF training and certification shall receive additional pay of five percent (5%) above what his/her salary would otherwise be, except for the Training Officer, who shall receive additional pay of ten percent (10%) above what his/her salary would otherwise be.

4. Any member assigned to Pumpers 8, 9, 25, 102 DSOs, and any additional companies who are assigned following the execution of this agreement, that achieve and maintain the required ARFF training and certification, shall receive additional pay of three percent (3%) above what his/her salary would otherwise be.

5. Any member of personnel assigned to Pumper 16 shall receive additional pay of five percent (5%) above what his/her salary would otherwise be, if he/she has participated in ARFF training. Any member of the Rescue Division shall receive additional pay of five percent (5%) above what his/her salary would otherwise be.

6. Members transferred to the position of Instructor shall receive a ten percent (10%) specialty pay. The positions covered are Instructors within the Professional Development Bureau, Hazmat Division Instructor, ARFF Division Instructor, Rescue Equipment Coordinator, and Fire Equipment Coordinator.

7. Members assigned to the position of Community Paramedic shall receive a ten percent (10%) specialty pay.

8. Qualified members eligible to serve as FTO's will receive ten percent (10%) specialty pay for time spent actually working as a FTO.

9. An EST regularly assigned to maintenance of cardiac monitors, hydraulic cots, and other technical medical equipment shall receive a ten percent (10%)

-4-

differential incentive pay. The current individual assigned to that position will continue to fill that assignment. A future vacancy will be offered to ESTs by seniority.

10.     Credentialed cross trained dual roll members permanently assigned to a cross trained dual rule ALS Company which includes a combined suppression Unit (Pumper, or Rescue) and Squad (ambulance) shall receive three percent (3%) specialty pay.

*Id*. at pp. 67-69.

13.     The City violated Missouri Wage and Hour law and the FLSA by failing to pay its firefighters for work performed in excess of 40 hours per work period, at a rate of at least one and one-half times the regular rate, considering all remuneration such as specialty and certification pay; rather, the City calculated these employees' overtime at a lower rate disregarding their specialty and certification percentages.

14.     On January 10, 2019, IAFF Local 42 members brought a collective class action lawsuit against the City for FLSA violations based in part, on its failure to (a) lawfully include specialty and certification pay in the members' regular rate as required under the FLSA; and (b) pay overtime at one and one-half times the regular rate. *See Adams v. City of Kansas City, Missouri*, 19-CV-00093 (W.D. Mo. Feb. 8, 2019).

15.     On September 29, 2021, in the *Adams* case, Judge Bryan Gaddy granted Plaintiffs' Motion for Partial Summary Judgment holding:

> Because, at a minimum, the City failed to pay the regular rate (i.e., the "one...times the regular rate") for hours worked in excess of 212 hours during a 28-day period, and thus, violated the FLSA, the Court DENIES the City's motion for summary judgment on the issue of whether it violated the FLSA and GRANTS Plaintiffs' motion for partial summary judgment.

*Adams v. City of Kansas City, Missouri*, 19-CV-00093-W-WBG, 2021 WL 4484551, at *8 (W.D. Mo. Sept. 29, 2021), motion to certify appeal denied, 19-CV-00093-W-WBG, 2022 WL 138102 (W.D. Mo. Jan. 14, 2022).

16. Based on Judge Gaddy's September 2021 Summary Judgment Order, the City knew it was required to pay the collective class, comprised exclusively of IAFF Local 42 firefighters, overtime pay at one and one-half times the regular rate (including specialty and certification pay); and thus, its violations of Missouri Wage and Hour law and the FLSA subsequent to Judge Gaddy's Order were knowing and willful.

17. The Plaintiffs are not exempt from the overtime wage provisions of Missouri Wage and Hour law or the FLSA.

18. Plaintiffs are suing the City in part, as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all who file a Consent to Sue form with the Court.

19. Plaintiffs seek relief on a collective basis challenging the City's violations of Missouri Wage and Hour law and the FLSA for failing to pay all overtime hours worked by firefighters in the Collective Class. The number and identity of Collective Class plaintiffs yet to opt in and consent to be party plaintiffs may be determined from City and IAFF Local 42 records. Potential opt-in plaintiffs may be notified of the pendency of this collective action.

## COUNT I

**VIOLATIONS OF MISSOURI WAGE AND HOUR LAW, RSMO §§ 290.500 *ET SEQ.* AND THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *ET SEQ.***

20. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

21. At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under Missouri Wage and Hour laws and the FLSA.

22. Missouri Wage and Hour law and the FLSA regulate, among other things, the payment of overtime to employees who are employed pursuant to a collective bargaining agreement.

23.     Section 290.505.1, RSMo provides that "No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

24.     Pursuant to U.S. Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in a wage contract." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).

25.     The FLSA further provides that "the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee..." 29 U.S.C. § 207(e) (emphasis added).

26.     Under the FLSA, Plaintiffs' regular rate includes specialty or certification pay.

27.     Under 29 C.F.R. § 778.115, for any employee working "two or more different types of work for which different non-overtime rates of pay…have been established, his regular rate for that week is the weighted average of such rates."

28.     The City violated Missouri Wage and Hour law and the FLSA by failing to pay the Plaintiffs for hours worked in excess of 40 hours per work period at a rate of at least one and one-half times the Plaintiffs' regular rate.

-7-

29.     The City violated Missouri Wage and Hour law and the FLSA by failing to properly calculate Plaintiffs' regular rate and overtime where Plaintiffs worked two or more different types of work for which different non-overtime rates of pay apply.

30.     Plaintiffs are entitled to damages equal to the overtime pay calculated at one and one-half times the regular rate because the City acted willfully, knowingly, and or with reckless disregard for whether its conduct was prohibited by Missouri Wage and Hour law and the FLSA.

31.     Plaintiffs have made multiple demands upon the City over many months for reimbursement of overtime, yet the City has repeatedly failed and refused to pay.

32.     The City's violations of Missouri Wage and Hour law and the FLSA were knowing and willful.

33.     The City has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of Missouri Wage and Hour laws or the FLSA, and as a result, the Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted under Missouri Wage and Hour laws and the FLSA. Alternatively, should the Court determine the City did not act willfully in failing to pay overtime at the specialty rate, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

34.     Missouri Wage and Hour law and the FLSA contain fee-shifting provisions, directing an award of payment of attorney's fees and costs by a defendant to a successful plaintiff. In addition, the FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Unlike other fee-shifting statutes where the award of attorney's

-8-

fees and costs is discretionary with the court, an award of attorney's fees to prevailing FLSA plaintiffs is mandatory. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

35.     As a result of the aforementioned unlawful conduct by the City, the Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against the City for its Missouri Wage and Hour law and FLSA violations herein and specifically pray for:

(a)     compensatory damages;

(b)     liquidated damages;

(c)     attorney's fees and costs as provided under Missouri Wage and Hour law and the FLSA;

(d)     pre- and post-judgment interest; and

(e)     such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

36.     Plaintiffs demand a trial by jury.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

_____

Raymond E. Salva, Jr.   Mo. Bar No. 66191
John B. Boyd          Mo. Bar No. 23716
John R. Boyd          Mo. Bar No. 42633
Jason Iezzi           Mo. Bar No. 65329
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail:  rsalva@bktplaw.com
E-mail: jbboyd@bktplaw.com
E-mail:  jrboyd@bktplaw.com
E-mail:  jiezzi@bktplaw.com
ATTORNEYS FOR PLAINTIFFS

Electronically Filed - Jackson - Independence - December 13, 2022 - 02:03 PM

## CONSENT TO SUE

Pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b) (the "Act"), I hereby give my consent to be a party plaintiff in a collective action lawsuit to be filed in the Circuit Court of Jackson County, Missouri at Independence against the City of Kansas City, Missouri (the "City"), claiming violations of the Act for the City's failure to properly calculate and pay overtime wages; in which plaintiffs will be represented by attorneys for the Boyd Kenter Thomas & Parrish law firm in Independence, Missouri.

_____

Signature

_____

Printed Name

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

THOMAS MELTON,

<table>
<tr><td>PLAINTIFF(S),</td><td>CASE NO. 2216-CV28161</td></tr>
<tr><td>VS.</td><td>DIVISION 17</td></tr>
</table>

CITY OF KANSAS CITY, MISSOURI,

DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CORY LEE ATKINS** on **04-APR-2023** in **DIVISION 17** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a. A trial setting;

b. Expert Witness Disclosure Cutoff Date;

c. A schedule for the orderly preparation of the case for trial;

d. Any issues which require input or action by the Court;

e. The status of settlement negotiations.

Case 4:23-cv-00409-RK  Document 1-1  Filed 06/14/23  Page 15 of 36

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ CORY LEE ATKINS
CORY LEE ATKINS, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JASON JOSEPH IEZZI, 221 W LEXINGTON, SUITE 200, P.O. BOX 1099, INDEPENDENCE, MO 64051

JOHN RICHARD BOYD, 221 W LEXINGTON AVE, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051

JOHN B BOYD, 408 SOUTH OHIO, SEDALIA, MO 65301

RAYMOND EUGENE SALVA, 221 WEST LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64050

Defendant(s):
CITY OF KANSAS CITY, MISSOURI

Dated: 14-DEC-2022

MARY A. MARQUEZ
Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ AT KANSAS CITY ☐ AT INDEPENDENCE

THOMAS MELTON
　　　　　　　PETITIONER/PLAINTIFF,

VS.　　　　　　　　　　　　　　　　CASE NO. 2216-CV28161

THE CITY OF KANSAS CITY, MISSOURI
　　　　　　　RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

　　Greg Hulver: PPS22-0041; Valerie Summer: PPS22-0232; Rick Swank: PPS22-0526
　　Conni Wilson: PPS22-0107; Scott Wiechmann: PPS22-0362; Rufus Harmon: PPS22-0031
　　Jacob Pavlica: PPS22-0587

The Petitioner/Plaintiff states that:

☐　The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒　The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐　The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
　　Petitioner/ Plaintiff's Signature

**ORDER**

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____　　_____
　　　　DATE　　　　　　　　　　　　　　　　　　JUDGE

Electronically Filed - Jackson - Independence - December 14, 2022 - 12:28 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| THOMAS MELTON, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE CITY OF KANSAS CITY, MISSOURI,<br>　　　　　　　　　Defendant. | Case No. 2216-CV28161<br><br>Div. 17 |

## MOTION TO TRANSFER

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to RSMo. § 478.461 and move this Court to transfer the above captioned case from this venue to the Circuit Court of Jackson County, Missouri at Kansas City. Plaintiffs mistakenly filed this action in Independence and hereby seek to correct the record by bringing their claims in the proper venue. Plaintiffs have not effectuated service of process on Defendants, and therefore will suffer no prejudice.

Wherefore, the Plaintiffs respectfully request the Court Order the Clerk of the Court to transfer the action from this venue to the Circuit Court of Kansas City, and for such further relief as this Court deems just and proper.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

_____
Raymond E. Salva, Jr.    Mo. Bar No. 66191
John B. Boyd             Mo. Bar No. 23716
John R. Boyd             Mo. Bar No. 42633
Jason Iezzi              Mo. Bar No. 65329
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail: rsalva@bktplaw.com
E-mail: jbboyd@bktplaw.com
E-mail:  jrboyd@bktplaw.com
E-mail:  jiezzi@bktplaw.com
ATTORNEYS FOR PLAINTIFFS

Electronically Filed - Jackson - Independence - December 14, 2022 - 10:03 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
⊠ AT KANSAS CITY   ☐ AT INDEPENDENCE

THOMAS MELTON
                    PETITIONER/PLAINTIFF,

VS.                                              CASE NO.  2216-CV28161

THE CITY OF KANSAS CITY, MISSOURI
                    RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT
OF PRIVATE PROCESS SERVER**

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

     Greg Hulver:  PPS22-0041; Valerie Summer:  PPS22-0232; Rick Swank:  PPS22-0526
     Conni Wilson:  PPS22-0107; Scott Wiechmann:  PPS22-0362; Rufus Harmon:  PPS22-0031
     Jacob Pavlica:  PPS22-0587

The Petitioner/Plaintiff states that:

☐   The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

⊠   The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐   The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
    Petitioner/ Plaintiff's Signature

**ORDER**

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

12/15/2022
DEPUTY COURT ADMINISTRATOR



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CORY LEE ATKINS | Case Number: 2216-CV28161 |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS MELTON | Plaintiff's/Petitioner's Attorney/Address<br>RAYMOND EUGENE SALVA<br>221 WEST LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64050 |
| vs. | |
| Defendant/Respondent:<br> CITY OF KANSAS CITY, MISSOURI | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: CITY OF KANSAS CITY, MISSOURI<br>Alias: | PRIVATE PROCESS SERVER |
|---|---|

**415 E. 12TH STREET**
**KANSAS CITY, MO 64106**



***COURT SEAL OF***

***JACKSON COUNTY***

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 15-DEC-2022 | |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:23-cv-00409-RK   Document 1-1   Filed 06/14/23   Page 22 of 36

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**THOMAS MELTON V CITY OF KANSAS CITY, MISSOURI**

CASE NO: **2216-CV28161**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL    ☐ CRIMINAL    ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☐ Change of Judge    ☐ Recusal    ☐ Certification    ☐ Request for Jury

☒ Change of Venue to Circuit Court of Jackson County at Kansas City

☐ By agreement of the Judges, this cause is transferred directly to Division ____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division ____ in exchange for Case # _____.

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

| | |
|---|---|
| MARCH 29, 2023 | |
| DATE | JUDGE |

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division ____ pursuant to Circuit Court Rule.

☐ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

| | |
|---|---|
| DATE | JUDGE |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____.

JASON JOSEPH IEZZI, Attorney for Plaintiff, 221 W LEXINGTON, SUITE 200, P.O. BOX 1099, INDEPENDENCE, MO 64051
(816) 471-8450, jiezzi@bktplaw.com
JOHN RICHARD BOYD, Attorney for Plaintiff, 221 W LEXINGTON AVE, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051
-, jrboyd@bktplaw.com
JOHN B BOYD, Attorney for Plaintiff, 408 SOUTH OHIO, SEDALIA, MO 65301
(816) 471-8450,

RAYMOND EUGENE SALVA, Attorney for Plaintiff, 221 WEST LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64050
-, rsalva@bktplaw.com

Data Entry Copy

RECEIVING JAA: _____

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**THOMAS MELTON V CITY OF KANSAS CITY, MISSOURI**

CASE NO: **2216-CV28161**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE
☐ CASE COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL    ☐ CRIMINAL    ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☐ Change of Judge    ☐ Recusal    ☐ Certification    ☐ Request for Jury

☒ Change of Venue to Circuit Court of Jackson County at Kansas City

☐ By agreement of the Judges, this cause is transferred directly to Division _____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _
_____.

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

| | |
|---|---|
| MARCH 29, 2023 | |
| DATE | JUDGE |

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division 13 pursuant to Circuit Court Rule.

☐ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

| | |
|---|---|
| March 30, 2023 | |
| DATE | JUDGE |

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on March 30, 2023.

JASON JOSEPH IEZZI, Attorney for Plaintiff, 221 W LEXINGTON, SUITE 200, P.O. BOX 1099, INDEPENDENCE, MO 64051
(816) 471-8450, jiezzi@bktplaw.com
JOHN RICHARD BOYD, Attorney for Plaintiff, 221 W LEXINGTON AVE, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051
-, jrboyd@bktplaw.com
JOHN B BOYD, Attorney for Plaintiff, 408 SOUTH OHIO, SEDALIA, MO 65301
(816) 471-8450,

RAYMOND EUGENE SALVA, Attorney for Plaintiff, 221 WEST LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64050

-, rsalva@bktplaw.com

Data Entry Copy

RECEIVING JAA: _____

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

THOMAS MELTON,                )

             **Plaintiff,**       )      **Case No. 2216-CV28161**

                             )

**v.**                          )      **Division 13**

                             )

**CITY OF KANSAS CITY, MISSOURI,**  )

             **Defendant.**    )

**FILED**
**DIVISION 13**
**03-Apr-2023   14:27**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _Rob't P. Arnold, Jr._

## NOTICE OF HEARING

**JUDGE:**        **Honorable Charles H. McKenzie**

**DATE:**         **June 27, 2023**

**TIME:**         **1:00 P.M.**

**LOCATION:**     **Division 13 - 5th Floor**
                    **Jackson County Circuit Court**
                    **415 E. 12th Street**
                    **Kansas City, Missouri 64106**
                    **WebEx: https://mocourts.webex.com/meet/charles.mckenzie**
                    **USA Toll-Free 1-408-418-9388   Access code:  962 640 588**

Please note that the above titled cause has been set for a **case management conference** on the date, time, and via WebEx at the link and phone number provided above. Please direct questions to Robert P. Armstrong; Phone: 816-881-3624; Email: robert.armstrong@courts.mo.gov.

**Failure to Appear for the Case Management Conference May Result in the Dismissal of the Case Pursuant to Local Rule 37.4.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following:

JASON JOSEPH IEZZI, Attorney for Plaintiff, 221 W LEXINGTON, SUITE 200, P.O. BOX 1099, INDEPENDENCE, MO 64051, (816) 471-8450
-, jiezzi@bktplaw.com

JOHN RICHARD BOYD, Attorney for Plaintiff, 221 W LEXINGTON AVE, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051
-, jrboyd@bktplaw.com

JOHN B BOYD, Attorney for Plaintiff, 408 SOUTH OHIO, SEDALIA, MO 65301
(816) 471-8450,

RAYMOND EUGENE SALVA, Attorney for Plaintiff, 221 WEST LEXINGTON AVENUE,
SUITE 200, INDEPENDENCE, MO 64050
-, rsalva@bktplaw.com


CITY OF KANSAS CITY, MISSOURI, Defendant, 415 E 12TH ST, KANSAS CITY, MO
64106


Robert P. Armstrong, Law Clerk Division 13

Electronically Filed - Jackson - Independence - May 09, 2023 - 10:43 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

☑ AT KANSAS CITY ☐ AT INDEPENDENCE

THOMAS MELTON, et al.,

VS.

THE CITY OF KANSAS CITY, MISSOURI

NO. 2216-CV28161

☑ CIRCUIT JUDGE
☐ ASSOCIATE CIRCUIT JUDGE
☐ SMALL CLAIMS

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS

☑ **PRIVATE PROCESS**          ☐ **CIVIL PROCESS**

☑ ISSUE ALIAS SUMMONS TO DEFENDANT        THE CITY OF KANSAS CITY, MISSOURI

JACKSON
COUNTY OF SERVICE

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT      ☐ AUTHENTICATED ☐ CERTIFIED ☐ RECORD AS LIEN
                                        ☐ W/LETTER

## REQUESTED BY

Raymond E. Salva, Jr.        66191
NAME OF ☐ CREDITOR ☑ ATTORNEY & BAR NO.

221 W. Lexington Avenue, Ste 200
ADDRESS

Independence    MO      64051
CITY        STATE      ZIP

_____
SIGNATURE

816-471-4511
PHONE

05/09/2023
DATE

## Please Provide Original & Copy

CIRCT 1699 - 4/98

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY    ☐ AT INDEPENDENCE

**RE**:    **THOMAS MELTON V CITY OF KANSAS CITY, MISSOURI**
**CASE NO:**    **2216-CV28161**

**TO:**    **RAYMOND EUGENE SALVA**
       **221 WEST LEXINGTON AVENUE**
       **SUITE 200**
       **INDEPENDENCE, MO 64050**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on _____.
However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:**    **You will need to provide a new motion and order for private process with the 2023 numbers. Thank you**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed MAY 10, 2023 to:

     COURT ADMINISTRATOR'S OFFICE
     **DEPARTMENT OF CIVIL RECORDS**
     CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

|  |  |
|---|---|
| _____<br>MAY 10, 2023<br>Date | By _____<br>Deputy Court Administrator<br>☒ 415 East 12th St., Kansas City, Missouri 64106<br>☐ 308 W. Kansas, Independence, Missouri 64050 |

Electronically Filed - JACKSON - KANSAS CITY - May 15, 2023 - 09:46 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ AT KANSAS CITY  ☐ AT INDEPENDENCE

THOMAS MELTON
                    PETITIONER/PLAINTIFF,

VS.                                          CASE NO.  2216-CV28161

THE CITY OF KANSAS CITY, MISSOURI
                    RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

    Greg Hulver:  PPS23-0081. Valerie Summer:  PPS23-0188, Coni Wilson:  PPS23-0208
    Charles Willis:  PPS 23-0207, Scott Wiechmann:  PPS23-0204, Rufus Harman:  PPS23-0358
    Brian Amick:  PPS23-0432

The Petitioner/Plaintiff states that:
☐    The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☒    The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☐    The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
    Petitioner/ Plaintiff's Signature

**ORDER**

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____    _____
    DATE                                                 JUDGE

Electronically Filed - JACKSON - KANSAS CITY - May 15, 2023 - 09:46 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ AT KANSAS CITY  ☐ AT INDEPENDENCE

THOMAS MELTON
                    PETITIONER/PLAINTIFF,

VS.                                          CASE NO.  2216-CV28161

THE CITY OF KANSAS CITY, MISSOURI
                    RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

> Greg Hulver:  PPS23-0081. Valerie Summer:  PPS23-0188, Coni Wilson:  PPS23-0208
> Charles Willis:  PPS 23-0207, Scott Wiechmann:  PPS23-0204, Rufus Harman:  PPS23-0358
> Brian Amick:  PPS23-0432

The Petitioner/Plaintiff states that:
☐   The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".
☒   The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.
☐   The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
          Petitioner/ Plaintiff's Signature

**ORDER**

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

05/15/2023
DEPUTY COURT ADMINISTRATOR



# IN THE **16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>CHARLES H MCKENZIE | **Case Number: 2216-CV28161** |
| Plaintiff/Petitioner:<br>THOMAS MELTON | Plaintiff's/Petitioner's Attorney/Address<br>RAYMOND EUGENE SALVA<br>221 WEST LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64050 |
| **vs.** | |
| Defendant/Respondent:<br> CITY OF KANSAS CITY, MISSOURI | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** CITY OF KANSAS CITY, MISSOURI<br>**Alias:**<br><br>**415 E. 12TH STREET**<br>**KANSAS CITY, MO 64106** | **PRIVATE PROCESS SERVER** |

**COURT SEAL OF**

**JACKSON COUNTY**

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-MAY-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                           Date                          Notary Public

| | |
|---|---|
| **Sheriff's Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 23-SMCC-5444 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00409-RK Document 1-1 Filed 06/14/23 Page 34 of 36

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHARLES H MCKENZIE | Case Number: 2216-CV28161 |
| Plaintiff's/Petitioner:<br>THOMAS MELTON | Plaintiff's/Petitioner's Attorney/Address<br>RAYMOND EUGENE SALVA<br>221 WEST LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64050 |
|                      vs. | |
| Defendant/Respondent:<br>CITY OF KANSAS CITY, MISSOURI | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | CITY OF KANSAS CITY, MISSOURI |
| | Alias: |

**415 E. 12TH STREET**
**KANSAS CITY, MO 64106**

### PRIVATE PROCESS SERVER

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-MAY-2023
Date

_____
Clerk

*JACKSON COUNTY*

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to _Alan Holtkamp_ (name) _attorney_ (title).
☐ other _____.

Served at _415 E. 12th St., Kansas City MO 64106_ (address)
in _Jackson_ (County/City of St. Louis), MO, on _5-16-23_ (date) at _2:45 PM_ (time).

_Valerie Summers_      _Jenny Stutzman?_
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

STEPHEN LICATA
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COMMISSIONED FOR CLAY COUNTY
MY COMMISSION EXPIRES MAR. 19, 2026
ID #08695259

Subscribed and sworn to before me on _5/16/23_ (date).

My commission expires: _3/19/26_      _Stephen Licata_
Date      Notary Public

---

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) | |
| **Total** | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.