IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS MELTON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | )<br>)<br>) |
| Plaintiff, | ) Case No. 4:23-00409-CV-RK |
| v. | ) |
| CITY OF KANSAS CITY MISSOURI, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion for leave to amend pleadings. (Doc. 6.) The motion is fully briefed. (Docs. 13, 20.) Plaintiff moves pursuant to Rule 15 to amend his pleadings "to clarify the nature of the Class claims against the City" of Kansas City, Missouri, and "to join another named plaintiff (Michael Collins) as class representative." In the motion, Plaintiff also requests that "Mr. Collins' claims relate back to the filing date of the initial pleading." (Doc. 6 at 8.) Defendant does not oppose Plaintiff's proposed amendment with respect to clarifying the factual allegations in support of his claims; however, Defendant opposes Plaintiff's adding a new plaintiff who would also act as an additional class representative and whose claims would relate back to the date Plaintiff filed his initial petition. (Doc. 13.)

For the reasons below, the motion is **GRANTED in part**, in that Plaintiff Melton is granted leave to amend his pleadings to clarify the nature of the class claims against the City of Kansas City, Missouri, and to join Michael Collins as an additional Plaintiff and as an additional class representative, and **DENIED in part**, in that Michael Collins' claims under the Fair Labor Standards Act ("FLSA") do not relate back to the initial pleading date of December 13, 2022, but rather are commenced as of the filing of Collins' Consent to Sue, which occurred on September 11, 2023.

### Background

Plaintiff filed his complaint, styled a collective action under Missouri Wage and Hour law and the FLSA, on behalf of himself and others similarly situated, on December 13, 2022, in state

court. (Doc. 1-1.) Plaintiff is a firefighter, and the Collective Class are similarly situated members of the International Association of Fire Fighters, Local 42 (IAFF). *(Id.)* In his complaint, Plaintiff claims Defendant failed to properly calculate and pay overtime hours in violation of Missouri Wage and Hour law and the FLSA based on the terms of a Collective Bargaining Agreement effective from May 1, 2021, to present at the time of filing. (*Id.*)

Plaintiff's complaint alleges (1) that on January 10, 2019, IAFF members brought a collective class action against Defendant in *Adams v. City of Kansas City, Missouri*, 19-CV-00093 (W.D. Mo. Feb 8, 2019); (2) thereafter, in September of 2021, Judge Gaddy, who presided over the *Adams* action, found that Defendant had violated the FLSA; and thus (3) Defendant's "violations of Missouri Wage and Hour law and the FLSA subsequent to Judge Gaddy's Order were knowing and willful." *(Id.)*

Plaintiff attached to the complaint a blank Consent to Sue form, but not a Consent to Sue form signed by Plaintiff. (Doc. 1-1 at 14.) Between the filing of the initial Collective Action Petition on December 13, 2022, and the filing of Plaintiff's motion to amend pleadings on August 3, 2023, there were no signed Consent to Sue forms filed in this case.[1]

## Discussion

### I. Proposed Amended Complaint

#### A. Clarifying Claims

Plaintiff's present motion for leave to amend pleadings seeks to clarify the nature of the class claims against Defendant, pursuant to Fed. R. Civ. P. 15(a)(2). (Doc. 6.) The putative class in the proposed amended complaint is no longer firefighters trained in fire suppression, but rather consists only of "instructors at the Training Academy." (*Id.* at 1-4.) The proposed amended complaint asserts collective claims under a different Collective Bargaining Agreement that was effective from 2015 through April 30, 2021. (Docs. 6 at 5; 6-3, ¶ 1; and 6-4.) Plaintiff also seeks to clarify the timeframe for which damages are sought. The proposed amended complaint seeks

---

[1] Although not relevant for ruling on the present motion, the Court notices that both Plaintiff (Thomas Melton) and Michael Collins filed a signed Consent to Sue on March 20, 2020, in the aforementioned *Adams* case. (*Adams*, Docs. 204, 239.) Melton and Collins were member of the collective class that sought specialty overtime pay from Defendant under the IAFF's 2015 collective bargaining agreement. (*Adams,* Doc. 623.) As part of the dispositive settlement agreement, Melton received a payout of $6,634.14, and Collins did not receive a payout because Collins was one of the thirty-seven (37) class members who either "did not work overtime or the difference between calculated damages and actual pay was zero or less than zero." (*Adams*, Docs. 623-1 and 623-2.)

"to recover damages occurring *before* the reimbursement period," which began on April 25, 2021. (Doc. 6 at 5-6.) Plaintiff sets forth in the proposed amended complaint the statute of limitation parameters as follows: "damages [are] limited to three years prior to commencement of this action or December 13, 2019 on a finding of willful conduct by the City, or two years (December 13, 2020) in the absence of such finding." (Doc. 6-3, ¶ 19.)[2]

### B. Adding Plaintiff and Class Representative

In addition to clarifying the class action claims, Plaintiff also seeks to add Michael Collins as a new Plaintiff and for Collins to join Plaintiff (Melton) as an additional class representative. (Doc. 6 at 6-7.) After filing the motion for leave to amend pleadings, Plaintiff filed Collins' Consent to Sue form on September 11, 2023. (Doc. 21.)[3] Plaintiff anticipates a challenge to his status as class representative, so he argues that appointing a second collective class member to the role of class representative is an appropriate and lawful measure, and that the Court in its discretion may grant leave to appoint a substitute FLSA collective class representative. (Doc. 6 at 6-7.)

### C. Relation Back

Finally, in Plaintiff's motion for leave to amend pleadings, Plaintiff asserts that if Collins is permitted to serve in a representative capacity, Collins' "would also qualify for relief during the same statute of limitations period under Rule 15(c)(1)(C) relation back provision." (Doc. 6 at 7.) Plaintiff specifically requests that "Collins' claims relate back to the filing date of the initial pleading." (Doc. 6 at 8.) In addition to Fed. R. Civ. P. 15(c)(1)(C), Plaintiff relies on *McClurg v. Mallinckrodt, Inc.*, 322 F.R.D. 364, 367 (E.D. Mo. 2017). (Doc. 20.) Plaintiff additionally argues that "[c]ourts commonly permit relation back of newly added plaintiffs where the asserted claims are identical to those of the original plaintiff, arise from the same conduct, and defendant had adequate notice in the initial pleading that potential claims may arise from the defendant's conduct." (Doc. 20 at 3.) In support of this argument, Plaintiff relies on the holdings in *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974); *Lopez v. Setauket Car Wash & Detail*

---

[2] Claims deemed to commence as of the filing of the initial collective action petition, which occurred on December 13, 2022, would, therefore, have a seventeen-month damages timeframe from not earlier than December 13, 2019, to no later than April 25, 2021, for willful conduct. In the absence of willful conduct, this timeframe is reduced to a five-month period from December 13, 2020, to April 25, 2021.

[3] Claims deemed to commence as of the filing of Collins' Consent to Sue, which occurred on September 11, 2023, would, therefore, have an eight-month damages timeframe from not earlier than September 11, 2020, to no later than April 25, 2021, for willful conduct; however, in the absence of willful conduct, the FLSA claims are time-barred by the statute of limitations.

*Ctr.*, 2015 WL 136336 (E.D.N.Y. Jan. 7, 2015); *Mclean v. CVS Pharmacy, Inc.*, 2010 WL 3827940 (D. Conn. Sept. 21, 2010); *Employees Committed For Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423 (W.D.N.Y. 2005); and 6A Fed. Prac. & Proc. Civ. § 1501 (3d ed.). As it relates to Plaintiff's relation back request, Plaintiff is clear in his reply that he is not asking "the Court to consider equitable tolling at this time." (*Id.* at 4.)

## II. Defendant's Opposition

As previously mentioned, Defendant does not oppose Plaintiff's proposed amendment with respect to clarifying the factual allegations in support of his claims. However, Defendant opposes Plaintiff's adding "Collins as a second named plaintiff and class representative in this matter because the plain language of the FLSA does not permit Plaintiff's amendment with respect to Collins and Plaintiff cannot demonstrate that Collins' claims relate back to the date Plaintiff filed his Complaint under Fed. R. Civ. P. 15(c)." (Doc. 13.)

In support of its opposition, Defendant argues that "the FLSA makes clear that additional plaintiffs must opt-in and the action will not be considered to be commenced" for that new plaintiff until "such written consent is filed in the court in which the action was commenced" as set forth in 29 U.S.C. §§ 216(b), 256. Defendant cites to *Davenport v. Charter Comm'ns, LLC,* 4:12-cv-00007-AGF, 2014 WL 2293739 at *4 (E.D. Mo. Jul. 3, 2014) and *Brashear v. SSM Health Care Corp.*, No. 4:22-CV-00569-SRC, 2023 WL 4247601 at *4 (E.D. Mo. June 29, 2023) as additional support for their opposition to Collins' claims relating back to the date Plaintiff filed his complaint.

## III. Legal Analysis

### A. Clarifying Claims

Granting leave to amend pleadings is within the discretion of the trial court and should be freely given when justice so requires. Accordingly, Plaintiff is granted leave to amend his pleadings to clarify the nature of the class claims against the Defendant.

### B. Adding Plaintiff and Class Representative

"[A]n employee must file a written consent within the statute of limitations to proceed as a party plaintiff when a claim under the FLSA is pleaded as a collective action." *Gomez v. Tyson Foods, Inc.*, 799 F.3d 1192, 1194 (8th Cir. 2015); *Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 472 (8th Cir. 2015). The FLSA sets forth the following consent requirement:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives

4

his consent in writing to become such a party and such consent is filed in the court
in which such action is brought.

29 U.S.C. § 216(b). In *Gomez*, the Eighth Circuit held that, "[a]s in *Acosta*, the district court should have dismissed the FLSA claims because no named plaintiff filed the required consent to proceed as a party in the collective action." 799 F.3d at 1194. *See also Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent. The rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case . . . We are inclined to interpret the statute literally. No appellate decision does otherwise.").[4]

Here, Plaintiff Melton has not filed a (signed) Consent to Sue. Thus, Plaintiff Melton's collective cause of action has not commenced for statute of limitations purposes. Collins' Consent to Sue was filed on September 11, 2023, thus commencing his claims as of September 11, 2023. So absent an exception, the time period potentially available for Collins' cause of action as alleged in the proposed amended complaint is from September 11, 2020, through April 30, 2021, if defendant's alleged conduct is found to be willful. Collins, however, is time-barred from pursuing any claims for non-willful violations of FLSA.

Because Collins has filed a signed Consent to Sue, albeit after the briefing on the motion, the Court finds nothing in the FLSA language and interpreting authority cited above that would prevent Plaintiff from adding Collins as a named plaintiff in his FLSA collective action at this juncture.

### C. Relation Back

The Court agrees with Defendant that the FLSA statute of limitations does not allow relation back and controls the analysis here, rather than the general provisions for relation back provided in Rule 15. However, even if Rule 15 applied, Plaintiff's argument for relation back of Collins' FLSA claims to the filing date of Plaintiff's complaint fails under the Rule's parameters.

---

[4] The Court notes that Plaintiff's reliance on *Shahriar v. Smith & Wollensky Rest, Grp., Inc.*, 659 F.3d 234 (2d Cir. 2011) is misplaced as it dealt with class certification of a state claim under Rule 23. Likewise, Plaintiff's reliance on *McAnaney v. Astoria Fin. Corp.*, 04-CV-1101JFBWDW, 2007 WL 2702348 at *13 (E.D.N.Y. Sept. 12, 2007) is misplaced in that *McAnaney* did not involve an opt-in FLSA collection action but rather involved a very different equitable tolling issue in a TILA action.

5

Under Rule 15, an amended pleading relates back to the date of the original complaint "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

> An amended pleading changing the *defendant* relates back if the preceding sentence is satisfied and the new defendant (1) has received notice of the suit so it will not be prejudiced in defending on the merits and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

*Plubell v. Merck & Co.*, 434 F.3d 1070, 1072 (8th Cir. 2006) (quoting Rule 15(c)(1)(C)). "Although . . . [F]ederal Rule 15(c) [does not] mention amendments substituting plaintiffs, the advisory committee notes to the 1966 amendments of federal Rule 15(c) do[.]" *Id.* In particular:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

Fed. R. Civ. P. 15(c) advisory committee's note on the 1966 amendment; *see also Crowder v. Gordons Transps., Inc.*, 387 F.2d 413, 418 (8th Cir. 1967). The Eighth Circuit applies the Rule 15(c)(3) approach to determine whether an amendment adding a new plaintiff relates back to the original complaint because the advisory committee's note indicates the rule was intended to apply in situations where a new plaintiff is added. *Plubell*, 434 F.3d at 1072. "Under the Rule 15(c)(3) approach, an amendment relates back if the defendant knew or should have known that it would be called on to defend against claims asserted by the newly-added plaintiff, unless the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff." *Id.* (internal quotation marks omitted).

Here, the Court finds Defendant only had notice that it would be called on to defend claims asserted by Collins and those similarly situated as of the filing of Collins' Consent to Sue on September 11, 2023. Defendant would be unfairly prejudiced in maintaining a defense against Collins for a time period based upon Melton's December 12, 2022 filing of a complaint in which Collins was not named and in which he had not filed a Consent to Sue.

Because the requirements of notice and lack of unfair prejudice are not satisfied for purposes of the relation back doctrine, the Court finds that Plaintiff's amendment adding Collins as an additional named plaintiff and class representative does not relate back to the filing of the

6

original complaint December 12, 2022. In other words, any claim by Collins for violation of the FLSA that was not willful is time barred, and the relevant time period for Collins' claims of willful violation of the FLSA can only potentially cover September 11, 2020, to April 30, 2021.

## Conclusion

Accordingly, and after careful consideration, Plaintiff's motion for leave to amend pleadings (Doc. 6) is **GRANTED in part**, in that Plaintiff is granted leave to amend his pleadings to clarify the nature of the class claims against the City of Kansas City, Missouri, and to join Michael Collins as named plaintiff and class representative, and **DENIED in part**, in that Michael Collins' claims under the Fair Labor Standards Act ("FLSA") do not relate back to December 13, 2022, but rather are commenced as of the filing of his Consent to Sue, on September 11, 2023.

                                                    s/ Roseann A. Ketchmark
                                                    ROSEANN A. KETCHMARK, JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED: January 4, 2024