IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS MELTON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 4:23-cv-00409-RK |
| v. | )<br>)<br>) |
| CITY OF KANSAS CITY MISSOURI, | )<br>) |
| Defendant. | )<br>) |

# ORDER

Before the Court is the parties' supplemental joint motion and memorandum in support of motion to approve settlement. (Doc. 33.)

## Background

Plaintiff Thomas Melton brought this collective action against Defendant City of Kansas City, Missouri, under the Fair Labor Standards Act ("FLSA"). (Doc. 1-1 at 4-13.) Plaintiff sought relief on behalf of a putative collective consisting of current and former fire instructors of the Fire Department for the City of Kansas City, Missouri, who had received specialty pay incentives. The parties resolved the matter prior to the filing of any motion to conditionally certify the collective. The principal terms of the parties' agreement are as follows:

Defendant will pay a total of $40,290.54 to Plaintiff and members of the putative collective for their overtime work, costs, and attorney fees, with each Plaintiff receiving a share of the settlement proceeds based on and in proportion to the compensable time worked during the relevant three-year period. The payments will be classified 50% wages and 50% liquidated damages, with the projected payments as follows:

| Plaintiff/ Putative collective member | Amount Issued as W-2 Wages | Amount Issued as 1099-MISC | Total Amount |
|---|---|---|---|
| Michael Collins | $1,621.96 | $1,621.97 | $3,243.93 |
| Richard Davis | $1,405.00 | $1,405.00 | $2,810.00 |
| Matthew Hamilton | $2,016.24 | $2,016.24 | $4,032.48 |
| Thomas Melton | $2,016.00 | $2,016.00 | $4,032.00 |
| Stephen Shaumeyer | $1,304.51 | $1,304.51 | $2,609.02 |
| Stephen Stichnot | $1,612.30 | $1,612.30 | $3,224.60 |

Counsel believes that all potential plaintiffs/collective members have been identified and notified of the settlement.

**Discussion**

Although there is some question whether judicial approval is required for the settlement of all FLSA collective actions, *see Vines v. Welspun Pipes, Inc.*, 9 F.4th 849, 854 n.1 (8th Cir. 2021) (leaving "the question of whether judicial approval is required for all FLSA settlements for another day"); *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 & 1027 (8th Cir. 2019) (recognizing circuit spit and declining to take a position), the parties here seek the Court's approval. The Court therefore proceeds accordingly.

In considering whether to approve the parties' settlement in this FLSA collective action, the Court considers the fairness of the proposed settlement and relies on the same factors to approve class actions under Rule 23 of the Federal Rules of Civil Procedure. *Stewart v. USA Tank Sales & Erection Co.*, No. 12-05136-CV-SW-DGK, 2014 WL 836212, at *2 (W.D. Mo. Mar. 4, 2014); *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). For example, the Court will consider (1) the stage of settlement in the litigation and the complexity, expense, and duration of subsequent litigation; (2) whether the settlement negotiations were arms-length or if there is any indicia of collusion; (3) the opinions of class counsel, parties, and class members regarding the settlement; and (4) whether the value of settlement outweighs potential recovery at the conclusion of litigation. *Stewart*, 2014 WL 836212, at *2. Courts will approve an FLSA collective action settlement that is fair and reasonable, and which was secured in the context of contested litigation to resolve a *bona fide* FLSA dispute. *Jones v. Brosnan Risk Consultants, Ltd.*, No. 20-cv-03143-SRB, 2020 WL 6877735, at *1 (W.D. Mo. Nov. 23, 2020).

2

This litigation was contested and settled after months of litigation and discovery. Plaintiff claimed that Defendant failed to pay specialty pay on hours worked over 40 hours in a pay period and on overtime hours worked. Defendant claimed that the specialty pay was figured into the regular rate and all overtime hours were paid at 1.5 times that regular rate. Both substantive and procedural disputes created obstacles in the litigation, making this a resolution of a *bona fide* dispute under the FLSA.

In this context, the Court finds that the parties' settlement was ultimately the product of arms-length negotiations by experienced counsel. It eliminates the real and inherent risks both sides would bear if this litigation continued to resolution on the merits. Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery") (citations omitted).

The proposed settlement also offers a significant payment and meaningful proportional awards to the Plaintiff and the putative collective now, rather than in the future if litigation were to continue, including through litigation and appeals, where such recovery may not occur at all in the end.[1] For these reasons, settlement approval now is highly favored. *See, e.g., In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush."); *see also Lynn's Food Stores*, 679 F.2d at 1354 (public policy encourages settlement of FLSA litigation); *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

---

[1] And the Court notes as well that in the parties' most recent settlement status report, they indicate that "all formalities necessary for distribution of settlement proceeds have been completed." (Doc. 34.)

In addition to the meaningful and proportional awards to the Plaintiff and the putative collective action members, the parties' settlement includes $18,500 in attorney fees and $1,837.50 in mediation costs. Upon review of the parties' supplemental motion for FLSA settlement approval, the Court finds that the parties separately negotiated the issue of attorney fees without regard to settlement of the FLSA claim. *See Barbee*, 927 F.3d at 1027 (court has no authority to approve settlement fees negotiated separately and without regard to the underlying FLSA claim).[2] Accordingly, the Court has no role in approving the attorney fees issue separately negotiated and agreed to by the parties.

### Conclusion

Therefore, after careful consideration and review, the Court **ORDERS** that the parties' supplemental motion to approve settlement in this FLSA collective action (Doc. 33) is **GRANTED**, and the FLSA collective action settlement as jointly set forth by the parties is approved.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 8, 2024

---

[2] The Court denied the parties' initial motion for approval because it did not appear on that record that the parties separately negotiated attorney fees and the FLSA merits claims, and the Court was otherwise unable to meaningfully consider the requested attorney fees under a traditional attorney-fee analysis. *See Rouse v. Language Line Serv., Inc.*, No. 4:22-cv-0204-DGK, 2023 WL 3015726, at *1 (W.D. Mo. Mar. 15, 2023).